Edward Gartenberg (SBN 1026930
Gartenberg Gelfand Wasson & Selden LLP
11755 Wilshire Blvd., Suite 1230
Los Angeles, CA 90025
(310) 312-5760
egartenberg@ggwslaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, (see attached list for all Plaintiffs)<br>PLAINTIFF(S)<br><br>v.<br><br>ARIK ASLAN ZILKA, As Adminstrator of the ESTATE OF HAY ZILKA, Deceased<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-0468 PSG FMOx<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):  <u>ARIK ASLAN ZILKA, As Administrator of the ESTATE OF HAY ZILKA,</u>

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Edward Gartenberg_____, whose address is _11755 Wilshire Blvd., Suite 1230, Los Angeles, CA 90025_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **JAN 2 4 2008**

By: _____

Deputy Clerk

(Seal of the Court)

1196

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1

<u>ATTACHMENT</u>

2

LIST OF PLAINTIFFS:

3

4

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

5

EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

6

7

CIGNA EMPLOYEE BENEFITS SERVICES, INC.

8

UNITEDHEALTH GROUP INCORPORATED d.b.a. UNITEDHEALTH GROUP

9

10

HUMANA INC.

11

12

AETNA LIFE INSURANCE COMPANY

13

AETNA INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GARTENBERG GELFAND WASSON & SELDEN LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Marvin Wexler
Lawrence C. Fox
**KORNSTEIN VEISZ WEXLER & POLLARD, LLP**
757 Third Avenue
New York, NY 10017
Tel: (212) 418-8600 / Fax: (212) 826-3640
MWexler@KVWMail.com/LFox@KVWMail.com

Edward Gartenberg (SBN # 102693)
**GARTENBERG GELFAND WASSON & SELDEN LLP**
11755 Wilshire Blvd. – Suite 1230
Los Angeles, California 90025
Tel: (310) 312-5760 / Fax: (310) 477-7663
EGartenberg@ggwslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, CIGNA EMPLOYEE BENEFITS SERVICES, INC., UNITEDHEALTH GROUP INCORPORATED d.b.a. UNITEDHEALTH GROUP, HUMANA INC., AETNA LIFE INSURANCE COMPANY AND AETNA INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ARIK ASLAN ZILKA, As Administrator of the ESTATE OF HAYA ZILKA, Deceased, <br><br> Defendant. | **CV08-0468** PSG FMOx <br><br> **COMPLAINT** |

10853_1.DOC

1

COMPLAINT

Plaintiffs Connecticut General Life Insurance Company, Equitable Life Assurance Society of the United States, and CIGNA Employee Benefits Services, Inc. (together, "CIGNA"), UnitedHealth Group Incorporated dba UnitedHealth Group ("United"), Humana Inc. ("Humana"), Aetna Life Insurance Company and Aetna Inc. (together, "Aetna"), for their Complaint, allege, with knowledge as to their own acts, and otherwise on information and belief:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the action relates to enforcement of a Judgment entered in this Court arising under the laws of the United States, and pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

2.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this judicial district and because Plaintiffs' claim relates to enforcement of a Judgment issued by this Court in this judicial district.

## CLAIM FOR RELIEF

3.     This is an action to establish the validity of a claim for the unsatisfied portion of a Judgment obtained by Plaintiffs in a related case in this Court.  The Defendant on that Judgment has died, and Plaintiffs have asserted a claim on the Judgment in a probate proceeding, but the Administrator of the Estate of the deceased Defendant has rejected the claim. The law requires that Plaintiffs establish the validity of the claim in this Court, where the Judgment was entered.

4.     CIGNA, United, Humana and Aetna (the "Plaintiff Insurers") are Plaintiffs in a related action in this Court titled *Connecticut General Life Insurance Co., et al. v. New Images of Beverly Hills, Inc, et al.,* Case No. CV99-8197-TJH (VBKx) (the "New Images Case").  In the New Images Case, the Plaintiff Insurers sued 45 Defendants,

GARTENBERG GELFAND WASSON & SELDEN LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

GARTENBERG GELFAND WASSON & SELDEN LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1    alleging that those Defendants participated in a massive insurance fraud scheme centered

2    at ten outpatient surgery clinics in Southern California.

3         5.     One of the Defendants in the New Images Case was Haya Zilka.  In June

4    2003, the Court in the New Images Case (Hon. Terry J. Hatter, Jr.) entered a RICO

5    Judgment for the Plaintiff Insurers against Haya Zilka in the total amount of

6    $2,935,373.49 (the "Zilka Judgment").  The Zilka Judgment specified the portion of the

7    Zilka Judgment allocated to each of the Plaintiff Insurers based on proofs of damage as

8    follows: Aetna -- $2,145,279.33; United -- $649,331.16; CIGNA -- $113,846.73; Humana

9    -- $26,916.27.  A copy of the Zilka Judgment is attached hereto as Exhibit A.

10        6.     After entry of the Zilka Judgment, the Plaintiff Insurers collectively pursued

11   judgment enforcement against Haya Zilka.  Both before and after entry of the Zilka

12   Judgment, Plaintiff Insurers also collectively enforced judgments they obtained against

13   other Defendants in the New Images Case and entered into collective settlements with

14   other Defendants in the Case.

15        7.     In 2004, a dispute developed in the New Images Case between the Plaintiff

16   Insurers and Haya Zilka as to the amount of the Plaintiff Insurers' collections from other

17   Defendants in the Case that should be credited against the Zilka Judgment.  In October

18   2004, Plaintiff Insurers calculated that, with proper crediting of collections from other

19   Defendants, more than $2 million of the $2.935 million Zilka Judgment remained

20   unsatisfied.  In July 2005, after further collections, Plaintiff Insurers calculated that more

21   than $1 million of the Zilka Judgment remained unsatisfied.  Haya Zilka contended that

22   the Zilka Judgment had been completely satisfied by the Plaintiff Insurers' collections

23   from other Defendants.

24        8.     In January 2006, the Court in the New Images Case ruled that the Zilka

25   Judgment had been completely satisfied by the Plaintiff Insurers' collections from other

26   Defendants (the "Satisfaction Order").  Plaintiff Insurers promptly appealed the

27   Satisfaction Order to the United States Court of Appeals for the Ninth Circuit, No. 06-

28   55288 (the "Appeal").

10853_1.DOC

3

COMPLAINT

9.     On March 23, 2007, while the Appeal was pending, Haya Zilka died. According to documents filed in a probate proceeding in the Superior Court of California, County of Los Angeles, Case No. BP105544 (the "Probate Proceeding"), Defendant Arik Aslan Zilka, a son of Haya Zilka, is the duly appointed, qualified and acting administrator of the Estate of Haya Zilka, deceased.   According to such documents, Letters of Administration were first issued to Arik Zilka on August 27, 2007.

10.     On September 14, 2007, within the time allowed by law, each of the Plaintiff Insurers filed a separate Creditor's Claim in the Probate Proceeding and served it upon the designated attorney for the Administrator Arik Zilka.   In a Statement of Supporting Facts attached to each of those Claims, each Plaintiff Insurer stated the facts alleged above concerning the Zilka Judgment, the Satisfaction Order and the then-pending Appeal.   Each Creditor's Claim also explained that, with additional collections by the Plaintiff Insurers' from other Defendants, the total unsatisfied amount of the Zilka Judgment calculated as of September 14, 2007 was $988,456.88, and each Claim stated the particular Plaintiff Insurer's share of that total amount, and thus each Insurer's Claim, as follows (based on the allocated portions stated in the Zilka Judgment):   Aetna -- $722,393.94; United -- $218,646.66; CIGNA -- $38,332.35; Humana -- $26,916.27. Copies of the Creditors' Claims filed by the Plaintiff Insurers in the Probate Proceeding are attached hereto as Exhibit B.

11.     On or about October 26, 2007, Defendant Arik Zilka, as Administrator of the Estate of Haya Zilka, rejected the Creditors' Claims filed by the Plaintiff Insurers. Upon information and belief, the Administrator rejected the Plaintiff Insurers' Claims based on the Satisfaction Order that was the subject of the Plaintiff Insurers' then-pending Appeal.   Copies of the Administrator's Notices of Rejection of the Plaintiff Insurers' Claims are attached hereto as Exhibit C.

12.     On November 13, 2007, the United States Court of Appeals for the Ninth Circuit decided the Appeal.   The Court of Appeals reversed and vacated the Satisfaction Order, and remanded the matter back to the District Court to determine the amount of the

GARTENBERG GELFAND WASSON & SELDEN LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1   Zilka Judgment that remains unsatisfied after a proper application of settlement credits.

2   A copy of the Decision of the Court of Appeals on the Appeal is attached hereto as

3   Exhibit D.

4        13.    After the reversal and remand on the Appeal, counsel for the Plaintiff

5   Insurers' wrote two letters to counsel for the Administrator, dated December 3, 2007 and

6   January 16, 2008, informing the Administrator of the reversal, asking the Administrator to

7   withdraw his rejection of the Plaintiff Insurers' Claims and inviting discussion concerning

8   the Estate and its assets generally.  Both those letters, as well as several follow-up

9   telephone messages to the Administrator's counsel, were ignored.  Additional efforts by

10  counsel for the Plaintiff Insurers to initiate a productive discussion through the attorney

11  who represented  Haya Zilka in the District Court (and who works in the same suite of

12  offices as the Administrator's counsel) were also ignored.  Copies of the letters from

13  Plaintiff Insurers' counsel to the Administrator's counsel dated December 3, 2007 and

14  January 16, 2008 reflecting and recounting those various efforts are attached hereto as

15  Exhibits E and F.

16       14.    The Administrator's failure to withdraw his rejection of the Plaintiff

17  Insurers' Claims constitutes bad faith by the Administrator.

18       15.    Under California Probate Code § 9353, a creditor's claim that is rejected by

19  the Administrator of an estate, as Plaintiff Insurers' Claims were rejected by Defendant

20  Arik Zilka as Administrator of Haya Zilka's Estate, is "barred" unless, within 3 months of

21  the Notice of Rejection, the creditor commences a lawsuit or other legal proceeding

22  seeking an adjudication that the claim is valid.  Having attempted without success to

23  avoid the necessity of such action, Plaintiff Insurers have been compelled to commence

24  this lawsuit.

25

26       WHEREFORE, Plaintiffs respectfully request that the Court (1) determine that

27  their Claims in the Probate Proceeding attached hereto as Exhibit B are valid and must be

28  accepted; (2) award Plaintiffs their court costs and, under California Probate Code §

GARTENBERG GELFAND WASSON & SELDEN LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

9354(c), their reasonable litigation expenses, including attorneys' fees; and (3) award Plaintiffs such other and further relief as the Court may deem just and proper under the circumstances.

Dated: January 24, 2008

GARTENBERG GELFAND
WASSON & SELDEN LLP

By _Edward Gartenberg_

Edward Gartenberg
Attorneys for Plaintiffs

KORNSTEIN VEISZ WEXLER & POLLARD, LLP
Marvin Wexler
Lawrence C. Fox